462 A.2d 251

**COMMONWEALTH of Pennsylvania**

**v.**

**Pearl L. KANOUFF, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1983.

Filed June 24, 1983.

**3.** Our decision renders appellant's second contention moot. Thus, we will not discuss it.

J. Michael Williamson, Lock Haven, for appellant.

Frederick D. Lingle, District Attorney, Lock Haven, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

SPAETH, Judge:

This is a consolidated appeal from judgments of sentence for receiving stolen property. One of appellant's arguments is that the affidavit in support of the search warrant that led to the seized property was not supported by probable cause and that the seized property should therefore have been suppressed as the fruits of an illegal search. We agree and therefore reverse and remand for a new trial.[1]

A magistrate issued a search warrant for a search of appellant's residence. The affidavit in the application for the warrant contained the following statement on probable cause:

---

1. Appellant also argues that the Commonwealth violated Pa.R.Crim.P. Rule 1100. This argument lacks merit. Appellant makes other arguments, but because of our holding, we do not reach them.

Stolen from the Big Spring Camp, owned by Elmer Wenrick was 1 Ladys Home Journal Magazine, issued to C. Wenrick, RD 3, Box 156, Halifax, Pa., 17032. The only way mail is sent to C. Wenrick, RD 3, Box 156, Halifax, Pa., is from Ladys' Home Journal Magazine. C. Wenrick received a chain letter addressed to her at RD 3, Box 156, Halifax, Pa., from Pearl L. Kanouff, 209 4th St., Renovo, Pa., the only way this address could be obtained is from the stolen magazine. Also a confidential person who is a realiable [*sic*] and upstanding person within the community advised Herb Nesman unloaded a truck of old furniture and other type of older articles at 209/211 4th St., Renovo, Pa., and also that a man in a black pick up truck with partial PA registration CH 6379—arrived at 209–211 4th. St., on October 16, 1979 and left there with a load of articles in his truck. This officer, Tpr. Toboz, knows a John Brownlee, who drives a black pick up truck with PA registration CH 63797, and John Brownlee was contacted by Tpr. Toboz and John Brownlee stated that he went into 211 4th. St., and purchased articles there. While in 211, he observed many boxes containing dishes, pots and pans, towles [*sic*] furniture etc. Also advised he was in the downstairs of 209 4th. street, Renova, Pa., and this place was completly [*sic*] remodeled. John Brownlee advised that the person he bought the furniture from had access and had both 209 and 211 4th. Street up for sale. Also advised he is the person who remodeled 209 4th Street. Brownlee further stated that the subject did not live at 209–211 4th. St., but lived up Kettle Creek towards the Dam.

Realiable [*sic*] sources from the Renovo area who are upstanding citizens informed Tpr. Toboz that Pearl Kanouff and Herbert Nesman reside together up Kettle Creek. They also advised that the property at 209/11 4th. Street is owned by Pearl Kanouff, and remodeled by Herbert Nesman.

■ "Probable cause to issue a search warrant has been defined as those facts reasonably necessary to show (1) that

the items sought are connected with criminal activity, and (2) that the items will be found in the place to be searched." *Commonwealth v. Council,* 491 Pa. 434, 443, 421 A.2d 623, 627 (1980); *Commonwealth v. Ryan,* 300 Pa.Super. 156, 446 A.2d 277 (1982). The facts stated in an affidavit will support a search warrant only when they would persuade a reasonable person that there is probable cause for a search; mere suspicion or conjecture is insufficient. *Commonwealth v. Mazzochetti,* 299 Pa.Super. 447, 445 A.2d 1214 (1982).

■ Here, the facts stated in the affidavit suggested the possibility that stolen property might be found at 209/211 4th Street, but no facts were stated that would lead a reasonable person to believe that appellant's residence contained stolen property. Many of the facts, moreover, were described as having been learned from unnamed persons who were "reliable," but very little basis for the conclusion that they were reliable was stated. The statement that because she had sent a chain letter to a certain person, appellant must have had in her possession a stolen magazine from which she had obtained that person's address was a *non sequitur.*

The judgments of sentence are vacated and the case remanded for new trial. Jurisdiction relinquished.