# Commonwealth v. Huntington

C.P. of Berks County, no. CP-06-CR-0673-2006.

*Alisa R. Hobart,* for Commonwealth.
*John T. Adams,* for defendant.

YATRON, *J.,* August 16, 2006—On June 20, 2006, we entered an order suppressing evidence and granting a petition for writ of habeas corpus on motion of defendant, Thomas Lee Huntington. On or about July 13, 2006, the Commonwealth filed a notice of appeal of this court's June 20, 2006 order. By order dated July 21, 2006, the Commonwealth was directed to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On or about July 25, 2006, the Commonwealth filed its concise statement asserting two errors in this court's June 20, 2006 opinion and order. They are:

"(1) The trial court erred in granting defendant's motion to suppress evidence based upon the four corners of a search warrant.

"(2) The trial court erred in granting defendant's petition for a writ of habeas corpus and dismissing the charges."

For the reasons that follow, we respectfully urge the court to deny the Commonwealth's appeal.

We hereby adopt our opinion and order dated June 20, 2006, in its entirety as setting forth the court's findings of fact and conclusions of law with regard to the defendant's omnibus pretrial motion. A copy of our opinion and order is attached hereto. While we believe that our June 20 opinion, although narrative in format, satisfies the requirements of Pa.R.Crim.P. 581(I), we write to further explain our analysis and reasoning with regard to the defendant's motion to suppress.

At the outset, we note that once the determination was made that the evidence had to be suppressed, the granting of the petition for writ of habeas corpus was inevitable. This matter was set for hearing on the defendant's omnibus pretrial motion on May 16, 2006. At that time, counsel for the Commonwealth and the defendant indicated that no testimony would be offered and that the matter was being submitted to the court for determination based entirely on the information contained within the four corners of the search warrant. It was not even suggested by the Commonwealth that it was in possession of evidence against the defendant other than that seized by virtue of the search warrant. That being the case, it is clear that the only evidence against the defendant was that obtained by the seizure of the defendant's computer. This being the case, the determination to grant the writ of habeas corpus follows the order of suppression as the night follows the day.

The deficiencies of the warrant in this case with regard to the failure to provide sufficient background information and definition of terms which would permit an understanding of the complicated technical averments contained in the brief affidavit are apparent when the instant warrant is compared to the usual warrant application in narcotics cases. Virtually every such warrant that comes before this court contains three to four pages of background information setting forth the affiant's training and experience and containing an extensive overview of the drug trafficking business. Upon reviewing such a warrant, there is a temptation to dismiss such information as mere "boilerplate," especially since computer word processing equipment makes virtually all such warrants startlingly similar. To reach that conclusion, however, is

a mistake. The information contained in those averments is vital for an understanding of how drug traffickers operate, and is important to an understanding of the specific factual averments that relate to the particular requested search and seizure.

The search warrant sub judice fails to either describe or define numerous terms such as "e-mail addresses, screen names, IP addresses, Yahoo groups, cybertip, and IP tracker logs." Without explanations or definitions of these terms, it is impossible to discern whether the information set forth in the page-and-a-half affidavit establishes probable cause to believe that contraband would be found on the defendant's computer.

Nor does the affidavit provide any information from which the court can assess the reliability of the information. Despite reference, for example, to another law enforcement officer's report, it is impossible to discern whether information from that report, upon which the affiant purportedly relied, is contained in the affidavit for the search warrant.

While the Commonwealth may attempt to justify the failure to provide sufficient background information by claiming exigent circumstances, such claim must fail. Paragraph 12 of the warrant affidavit contains the following averment, "Even if evidence of the existence of child pornography collection is several years old, chances are he/she still has the collection, now, only it's larger." This averment was apparently included in order to avoid an anticipated staleness attack on the affidavit, considering that paragraph 2 of the affidavit sets forth a claimed violation of the relevant statute on November 30, 2004. (The affidavit was sworn by the affiant on May 27, 2005.) Thus, the Commonwealth had all the time it could pos-

sibly need to prepare an adequate affidavit in support of its request to seize the defendant's computer. We believe the affidavit in question grossly fails the tests set forth in *Commonwealth v. Ryerson,* 817 A.2d 510 (Pa. Super. 2003). For these reasons, as well as those set forth in our June 20, 2006 opinion, we respectfully request the Commonwealth's appeal be denied.

## MEMORANDUM OPINION

YATRON, *J.,* June 20, 2006—Thomas Lee Huntington is charged in a one-count information with sexual abuse of children pursuant to 18 Pa.C.S. §6312(d). This matter is before the court on defendant's omnibus pretrial motion seeking a motion to suppress evidence and an adjunct writ of habeas corpus based upon evidence seized from defendant's home following a search warrant. Upon the agreement of counsel, the search warrant and affidavit of probable cause were admitted into evidence and neither testimony nor oral arguments were heard; rather, counsel for the Commonwealth and counsel for the defendant submitted memoranda in support of their respective positions. The sole issue is whether the facts contained within the search warrant's affidavit of probable cause sufficiently establish probable cause for the issuance of the warrant.

On May 27, 2005, Detective W. Douglas Weaver of the Berks County District Attorney's Office applied for a warrant to search the residence at 101 Hickory Drive, Bethel Township, Berks County, Pennsylvania. District Justice Carol A. Stoudt authorized the warrant to search the residence at 101 Hickory Drive and to search and/or seize personal property that included, inter alia, electron-

ically-stored and paper files, data, materials, and records pertaining to child pornography; computer hardware and software used to store, view, display, and disseminate child pornography; and information pertaining to internet service providers (ISPs). See Commw. exhibit 1, appl. for search warr.

## DISCUSSION

"In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four corners of the affidavit." *Commonwealth v. Ryerson,* 817 A.2d 510, 513 (Pa. Super. 2003) (quoting *Commonwealth v. Sharp,* 453 Pa. Super. 349, 357, 683 A.2d 1218, 1223 (1996)). Thus, the Pennsylvania Supreme Court has articulated that the starting point for evaluating the underlying probable cause of a warrant is the "totality of the circumstances" test. *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). In order to do this, "[t]he information offered to establish probable cause must be viewed in a commonsense, non-technical manner." *Ryerson,* 817 A.2d at 514.

The warrant's underlying affidavit of probable cause contains 13 individually numbered paragraphs. See exhibit 1, aff. prob. cause. Contained within the probable cause's paragraphs are averments alleging, inter alia, that Detective Weaver began an investigation on May 16, 2005 because Yahoo Inc. reported a possible use of an e-mail account on November 30, 2004, for the purpose of "upload[ing] images of children, who appeared to be under the age of 18, and were exposing their gentitals [sic] while in sexually explicit poses" via "cybertip 288696." Exhibit 1, aff. prob. cause at para. 2. While not stated explicitly, one can infer that Yahoo Inc. is somehow involved with the

internet. However, this inference teeters on the cusp of reading the affidavit non-technically and going impermissibly outside the four corners of the affidavit. Yet, the affidavit does not even begin with the basics of explaining who or what "Yahoo Inc." is or does. Likewise, the affidavit leaves open to speculation what the definitions and explanations of "cybertip" and "e-mail address" are. However, even more problematic is the reliability of the information provided by Yahoo Inc. See exhibit 1 at para. 2. Citing *Aguilar v. Texas,* 378 U.S. 108 (1964) and *Spinelli v. United States,* 393 U.S. 410 (1969), the Superior Court stated that in order establish probable cause for a search warrant based upon information given to the affiant by an informant, "[f]irst, the affidavit must include the underlying circumstances supporting the informant's conclusion that the [items] to be seized will be found at the place to be searched. Second, the affidavit must present the circumstances justifying the affiant's belief in the reliability of the informant." *Commonwealth v. Forster,* 253 Pa. Super. 433, 436, 385 A.2d 416, 417-18 (1978).

In the case at bar, there has been no mention of the circumstances justifying a belief that Yahoo's "cybertip" was reliable. In addition, nowhere in the affidavit does it describe or explain the connection between the alleged November 30, 2004 violation and the defendant, the defendant's family, or the defendant's residence and/or personal property.

Paragraph 3 of the affidavit also contains further technical usage of e-mail addresses,[1] "screen name[s],"[2] an

---

1. The e-mail address is listed in the affidavit as "thom682000@yahoo." Exhibit 1 at para. 3.

2. The Yahoo screen name is listed as "thom682000." Exhibit 1 at para. 3.

IP address of "63.214.197.252," and "a Yahoo group titled 'the_future_shines_bright.' " See exhibit 1 at para. 3. The connections among this "IP address," the alleged crime, and the defendant are also not explained either in this paragraph or any subsequent paragraphs. Also contained within this paragraph is an assertion that Detective Weaver relied upon the investigative report compiled by Detective Lieutenant David C. Peifer of the Delaware County District Attorney's Office that "comprehensively documented several facts and circumstances." See exhibit 1 at para. 3. It is unclear from the affidavit's face whether the totality of the facts in the report are set forth in the affidavit or not, and if they are, they fail to appear "comprehensive." Moreover, "the underlying circumstances justifying . . . the reliability" of the information contained in this paragraph as provided by the Yahoo legal department are not set forth. See *Forster,* 253 Pa. Super. at 436, 385 A.2d at 418.

Further hearsay information averred to by Detective Weaver as relayed to him via Detective Peifer from Yahoo states that the "thom682000" screen name was created on January 17, 2001, from the IP address previously mentioned (63.214.197.252). Yet, the affidavit further states information concerning the registrant's name, location of the registrant, and birth date.[3] However, these details are not even verified by Yahoo (not to mention the underlying reasons for reliability of believing Yahoo). In this respect, the affidavit attempts to connect inferentially, but not explicitly, the defendant to the computer and internet and the alleged crime by use of

---

3. The registrant of the account is allegedly from "Mr. t. h. of Bridgeville, DE, 19933" whose birth date is supposedly December 4, 1968. Exhibit 1 at para. 5.

his initials in the screen name. There is neither any explanation of the relationship between the registrant's alleged Delaware address and the defendant's Pennsylvania address, nor any passing reference to the defendant's birth date in the affidavit. However, the affidavit continues by stating that the "thom682000" screen name was accessed at a second IP address (68.82.123.219) on December 20, 2004. Exhibit 1 at para. 6. This is "known" because of "IP tracker logs," which, like the IP addresses, are not explained, defined, or demonstrated as being connected to the defendant, the alleged crime, or each other. See exhibit 1 at para. 6. Despite not knowing what an IP address is, it appears to be connected to the Huntington residence (but to some unknown degree) as proven through subsequent paragraphs. See exhibit 1 at paras. 7-11. As the affidavit explains, on December 20, 2004, Comcast Cable Communications owned the 68.82.123.219 IP address, which was registered to an account belonging to Sheila Huntington, the defendant's wife. This account was still active on April 18, 2005.[4] However, despite this information, it is unclear what Comcast is, what the Comcast account is, or how it is connected to the alleged crime and the defendant. What appear in the affidavit are conclusive statements, with insufficient facts to support them.

Based upon the foregoing recitation of facts, it appears to this court that even a non-technical, commonsense approach to understanding and reading of the affidavit of probable cause leaves much to be desired. Instead, the intertwined relationship between the unexplained tech-

---

4. Inferentially, this information provided by Comcast is assumed reliable as it was provided under court order. See exhibit 1 at paras. 7-9.

nological jargon, (seemingly) factual averments, and alleged crime are left to the imagination, providing no meaning as to what the affidavit contains. Rather, the task of making a practical, commonsense decision, when viewing the totality of the circumstances surrounding the affidavit, is difficult under these particular facts, even if the reviewing magistrate is extraordinarily technologically savvy. Instead, the representations set forth in the affidavit in question are analogous to someone presenting to a magistrate a "connect-the-dots" puzzle that has neither numbers nor instructions for giving guidance on how to connect the dots into a properly formed picture.

"[T]his court is to ensure that the magistrate had a 'substantial basis for concluding that probable cause existed.' " *Commonwealth v. Days,* 718 A.2d 797, 800 (Pa. Super. 1998) (quoting *Commonwealth v. Sharp,* 453 Pa. Super. 349, 357, 683 A.2d 1219, 1223 (1996)). This court is extremely hard-pressed to conclude that there was even a basis, let alone a substantial basis, for concluding probable cause existed to issue the search warrant sub judice. Based upon the above, we conclude that the magistrate either lacked "substantial basis" for concluding probable cause existed or considered information outside the affidavit in reaching the conclusion that probable cause existed. The Superior Court has further stated that " '[p]robable cause to issue a search warrant has been defined as those facts reasonably necessary to show (1) that the items sought are connected with criminal activity, and (2) that the items will be found in the place to be searched.' *Commonwealth v. Council,* 491 Pa. 434, 443, 421 A.2d 623, 627 (1980); *Commonwealth v. Ryan,* 300 Pa. Super. 156, 446 A.2d 277 (1982). The facts stated in an affidavit will support a search warrant only when they would persuade a reasonable

person that there is probable cause for a search; mere suspicion or conjecture is insufficient. *Commonwealth v. Mazzochetti,* 299 Pa. Super. 447, 445 A.2d 1214 (1982)." *Commonwealth v. Kanouff,* 315 Pa. Super. 392, 394-95, 462 A.2d 251, 252 (1983).

Thus, "[t]he validity of the warrant is dependent upon the facts shown at the time of its issuance. A warrant issued without probable cause, as this warrant was, violated the Fourth Amendment's mandate that 'no warrants shall issue, but upon probable cause.' . . . '[W]e are not now concerned with that which happened after the search warrant was issued. We are concerned only with the search warrant itself and with the authority it gave the officer to whom it was directed. It gave him authority to search the house of an innocent person without any attempt to show probable cause, which the Constitution of the United States (Amend. 4) intended to prevent.' " *Commonwealth v. Kelly,* 2001 WL 34315475, at *2 (Columbia Cty. 2001) (quoting *Commonwealth v. Copertino,* 209 Pa. Super. 63, 69-70, 224 A.2d 228, 230-31 (1966) (citations omitted)).

Therefore, because the search warrant in the case at bar has been found to be lacking in probable cause, the defendant's home was searched pursuant to an illegal and unconstitutional search warrant. Consequently, the defendant's property was seized illegally. In accordance with our findings, the defendant's motion to suppress the evidence seized pursuant to warrant control no. DA-05-002692 and for writ of habeas corpus is granted.

## ORDER

And now, June 20, 2006, after consideration of the defendant's omnibus pretrial motion and the arguments

and memoranda of counsel, the defendant's motion to suppress evidence is granted and further the defendant's petition for writ of habeas corpus is granted and the charge and information against him is dismissed.

## COMMONWEALTH EXHIBIT 1

| Commonwealth of Pennsylvania | | APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION |
|---|---|---|
| COUNTY OF Berks | | |

| Docket Number MD43-05 | Police Incident | Warrant Control |
|---|---|---|
| (Issuing Authority) CAROL A. STOUDT, DJ | Number: DA-05-002692 | Number DA-05-002692 |

| Det W. Douglas Weaver | Berks County District Attorney's Office | 610-478-6543 | 05-27-05 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED (Be as specific as possible).
Refer to "Continuation Pages."

COMMONWEALTH'S EXHIBIT 1
3-16-06

SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED (Street and No., Apt. No., Vehicle Safe Deposit Box, etc.):
101 Hickory Drive, Bethel, PA 19507, Situated in Bethel Township, Berks County, PA.
Modular ranch style residence, having gray vinyl siding, maroon shutters, a white front door, front deck made of wood, dark gray shingles and two split rail driveway markers
A rusted metal outbuilding, and a wood constructed outbuilding, both within the curtilage of the home

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED (if proper name is unknown, give alias and/or description)
Occupants are Thomas, Sheila, Samantha and Christopher Huntington

| VIOLATION OF (Describe conduct or specify statute) | DATE(S) OF VIOLATION |
|---|---|
| PA Crimes Code (Title 18) Section 6312 (d), Sexual Abuse of Children | 11-30-04 |

☐ Warrant Application Approved by District Attorney – DA File No. ____
(If DA approval required per Pa.R.Crim.P. 202A with assigned File No., per Pa.R.Crim.P. 107)

☐ Additional Pages Attached (Other than Affidavit of Probable Cause)

☒ Probable Cause Affidavit(s) MUST be attached (unless sealed below)  Total number of pages: 4

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED
The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| Signature of Affiant | Berks County District Attorney's Office County Detectives | 034 |
|---|---|---|
| | Agency or Address if private Affiant | Badge Number |

Sworn to and subscribed before me this 27TH day of MAY , 2005 Mag. Dist No. 23-3-07

Carol A Stoudt 47 MAIN STREET, STRUASSTOWN, PA. 19559 · (SEAL)
Signature of Issuing Authority  Office Address

SEARCH WARRANT  WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from
TO LAW ENFORCEMENT  which I have found probable cause, I do authorize you to search the premises or person described, and to
OFFICER  seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than *

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than **

11:10 A M, o'clock MAY 29, 2005

* The issuing authority should specify a date not later than two (2) days after issuance  Pa R.Crim.P. 2005(d)
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked  Pa.R.Crim.P. 2006(g).

Issued under my hand this 27TH day of MAY 2005 at 11:10 A M o'clock.

Carol A Stoudt 23-3-07 1/2/2006 (SEAL)
Signature of Issuing Authority  Mag. Dist. or Judicial Dist. No.  Date Commission Expires:

Title of Issuing Authority · ☒ District Justice ☐ Common Pleas Judge ☐ ____

☐ For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for ____ days by my certification and signature. (Pa.R.Crim.P. 2011)

____ (Date) (SEAL)
Signature of Issuing Authority (Judge of the Court of Common Pleas or Appellate Court Justice or Judge)

Page 1 of 4 Pages

TO BE COMPLETED BY THE ISSUING AUTHORITY

Commonwealth of Pennsylvania

·COUNTY OF Berks .

**APPLICATION FOR SEARCH WARRANT CONTINUATION PAGES**

| Docket Number MD43-05 | Police Incident | Warrant Control |
|---|---|---|
| (Issuing Authority): CAROL A. STOUDT, DJ | Number: DA-05-002692 | Number. DA-05-002692 |

*Continuation of:*

☒ Items to be searched and seized    ☐ Description of premises/person(s) to be searched    ☐ Owner/ Occupant    ☐ Violations

The personal property and other items to searched/seized are described as follows:

1 Any and all documentation and records, whether on paper or stored on magnetic media (including information stored within a computer including but not limited to E-MAIL and chat logs), disclosing, describing, referring, reflecting, or adverting to pornographic images (child or adult), associated BIOS, driver software programs, and all peripheral equipment (LCD/CRT controller, modems, printers, scanners, video cameras/camcorders/VCRS, and other image capturing/reproducing devices) as defined in 18 PA. CSA 6312(d); Obscene and other Sexual Materials and Performances as defined in PA.CSA 5903.

2. Computer hardware, software and data including, but not limited to central processing units (CPU's), hard disks, hard disk drives, floppy disk drives, tape drives, CD-ROM drives, display screens, keyboards, printers, modems, scanning devices, video cameras/camcorders/VCRS, and other image capturing/reproducing devices, magnetic tapes, cassette tapes, flash memory cards/sticks, CD-ROMs, DVD ROMs, floppy disks and any other form of digital or magnetic storage media found together or separately from one another.

3. Written documentation, whether typed or hand written, including, but not limited to, computer manuals and instructions for the use of any computers and their accessories found at the premises.

4 Any and all documentation regarding any Internet Service Provider (ISP) found on the premise.

Page 2 of 4 Pages

PC 410C 10-24 9E

| Commonwealth of Pennsylvania |  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|---|
| COUNTY OF Berks | | |

| Docket Number HD43-05 | Police Incident | Warrant Control |
|---|---|---|
| (Issuing Authority): CAROL A. STOUDT, DJ | Number. DA-05-002692 | Number DA-05 002692 |

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES.

1. Your Affiant, Detective W. Douglas Weaver, Badge Number 034, is an employee of the Berks County District Attorney's Office, 633 Court Street, Reading, PA 19601. I have been duly sworn as a Berks County Detective I am currently assigned to the Major Crime Unit. One of my duties involves the investigation of child pornography. I have been a law enforcement officer for thirty-one years. During my tenure, I have conducted in excess of 1000 criminal investigations that included, but were not limited to criminal arrests and the execution of search warrants.

2. On 05-16-05, I was assigned to investigate an incident that was referred to our Agency by Detective Lieutenant David C. Peifer of the Delaware County District Attorney's Office. He is assigned to Delaware County Internet Crimes Against Children Task Force. The referral involved a subject utilizing an e-mail address to upload images of children, who appeared to be under the age of eighteen, and were exposing their gentitals while in sexually explicit poses. This violation occurred via Yahoo on 11-30-04 at 1154 hours., and was reported by Yahoo, Inc. as cybertip number 288696.

3. On 05-17-05, I thoroughly reviewed Peifer's report, numbered 20041216M7584 (01), which comprehensively documented several facts and circumstances. I learned that Yahoo Legal Department said the person utilizing the e-mail address "thom682000@yahoo", and Yahoo screen name "thom68200" with a registration IP address 63.214.197 252 uploaded to a Yahoo group titled "the_future_shines_bright."

4. On 12-17-04, Peifer obtained a court order that directed Yahoo to supply subscriber information, Internet connection access logs and group management logs for the account associated with the screen name "thom682000."

5. On 12-23-04, Peifer received the Yahoo response which averred that the subscriber information indicated the account was in the name Mr. t. h. of Bridgeville, DE, 19933. The Yahoo document further stated that this information is supplied by the subscriber and is not verified by Yahoo, Inc. The subscriber listed a birth date of 12-04-68. Additionally, it was reported that the account was created on 01-17-01 at 1254 hours from IP address 63.214.197.252.

6. Yahoo also supplied the IP tracker logs for "thom68200." The said logs indicate a successful log on by "thom682000" from IP address 68.82.123.219 on 12-20-04 at 1613 hours (GMT-0500).

7. On 12-23-04, Peifer checked www.checkdomain.com and found the IP address was owned and maintained by Comcast Cable Communications.

8. On 01-06-05, Peifer requested and received a court order directing Comcast Cable Communications to supply subscriber information on the person assigned and using IP address 68.82.123 219 on 12-20-04 at 613 hours.

9. On 04-18-05 Peifer received a response from Comcast Cable Communications who advised the account was in use by an account in the name of Sheila Huntington of 101 Hickory Drive, Bethel, PA 19507, with a telephone number of 717-933-0478. The report indicated that the account status was active

10. On 05-16-05, I checked Penndot drivers' records and found the name of Sheila R. Huntington, with a

Page 3 of 4 Pages

birth date of 01-26-71, and an operator's license number of 22 470 207. The address given was Box 133, Route:183, Strausstown, PA 19559..

11 On 05-17-05, I drove to the home situated at 101 Hickory Drive in Bethel Township, Berks County, Pennsylvania. I went to the front door and knocked: I was greeted by a white female that I recognized as that person depicted in my earlier Penndot inquiry, and known as Sheila R. Huntington Before I departed , she said that her residence was 101 Hickory Drive, and she had lived there for two years. I recorded a description of the home and the two outbuildings wihin the curtilage.

12. Your Affiant is a graduate of the 162nd class of the FBI National Academy, Quantico, Virginia. During the eleven weeks of training that were accredited by the University of Virginia's graduate degree program, I received instruction in various sex crime investigations, including, but not limited to child pornography. One of the senior instructor's, FBI Special Agent Kenneth V. Lanning, served thirty years with the FBI's Behavioral Science Unit. In 1997, he received the FBI's Director's Award for Special Achievement for his career accomplishments in connection with missing and exploited children. Lanning's experience, training and research revealed that regardless of how much child pornography the collector possesses, often he/she "never has enough" and "rarely throws anything away." According to Lanning, another typical feature of a child pornography collection is consistency. Even if evidence of the existence of a child pornography collection is several years old, "chances are he/she still has the collection, now, only it's larger." K. Lanning, "Child Molestors: A Behavioral Analysis 69" (National Center for Missing and Exploited Children, 4th ed., 2001).

13. Based on the facts, circumstances and opinions aforementioned, your Affiant respectfully submits that there is probable cause to believe that the files and documents identified and related documents pertaining to the procurement, attempted procurement, or possession/distribution of computer images depicting the sexual conduct of children under the age of eighteen, in violation of PA Crimes Code, Title 18, Section 6312 (d), are located on the premises of 101 Hickory Drive, Bethel Township, Berks County, PA.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | 5/27/05 Date | Issuing Authority Signature | 5/27/05 Date | (SEAL) |

Page 4 of 4 Pages

A COPY OF THIS FORM, WHEN COMPLETED, IS TO BE ATTACHED TO EACH COPY OF THE SEARCH WARRANT'S/AFFIDAVIT

**Commonwealth of Pennsylvania**

**RECEIPT / INVENTORY**
OF SEIZED PROPERTY

**COUNTY OF Berks**

| Docket Number HD43-05 | Police Incident | Warrant Control |
|---|---|---|
| (Issuing Authority) CAROL A. STOUDT, D.J. | Number: DA-05-002692 | Number DA-05-002692 |

| Date of Search | Time of Search | Inventory Page Number: |
|---|---|---|
| 05-27-05 | 1235 | of Pages |

Det W Douglas Weaver | Berks County District Attorney's Office County Detectives | 034

Affiant | Agency or Address if private affiant | Badge No

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s) (if not sealed) was

☑ personally served on (name of person)

☑ was left at (describe the location) ON KITCHEN TABLE

| Item Number | Quantity | Item Description | Make Model, Serial No., Color, etc. |
|---|---|---|---|
| 3605 | 1 | | GATEWAY MODEL MFATXN/NKTH3005E SN0027682940 |
| 3606 | 2 | | HP PAVILION MODEL 565AG SNUS2021,3922 |
| 3607 | 3 | | PAPER OF PASSWORDS & USER NAMES |

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa C S. 4504(a)—Unsworn Falsification to Authorities

| Signature of person issuing Receipt / Inventory | W. DOUGLAS WEAVER | BCDA | 034 |
|---|---|---|---|
| | Printed Name | Affiliation | Badge or Title |
| Signature of Witness | DONALD STEWART | BCDA | 033 |
| | Printed Name | Affiliation | Badge or Title |
| Signature of person making Search | W. DOUG WEAVER | PCDA | 034 |
| | Printed Name | Affiliation | Badge or Title |